2019R000533/MPP/SW

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.** GJH 22cr 291 |
| v. | **(Wire Fraud, 18 U.S.C. § 1343; Aiding and Abetting, 18 U.S.C. § 2; Money Laundering, 18 U.S.C. § 1957(a); Forfeiture, 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)).** |
| **MATTHEW C. BROWNDORF** | |
| **Defendant.** | |

USDC- BALTIMORE
'22 AUG 16 AM 11:51

### INDICTMENT

The Grand Jury for the District of Maryland charges that:

### COUNTS ONE THROUGH FOUR
#### (Wire Fraud)

#### Introductory Allegations

At all times relevant to this Indictment:

1.      Defendant **MATTHEW C. BROWNDORF ("BROWNDORF")** resided in Irvine, California.  **BROWNDORF** was an attorney licensed to practice law in New York, Pennsylvania, and New Jersey.

2.      BP Fisher Law Group, LLP ("BP Fisher") was a law firm organized in Maryland. BP Fisher represented lenders and mortgage loan servicers in foreclosure and default proceedings in Maryland and the District of Columbia.  BP Fisher's principal place of business was located in Prince George's County, Maryland.

3.      In Maryland and in most states, attorneys and law firms that hold funds for the benefit of clients were required to hold the funds in attorney trust accounts.  Attorneys in Maryland were not permitted to use such funds for any purpose other than the purpose for which the money was entrusted to the lawyer.  Attorney trust accounts in Maryland were often referred to as interest-

1

2019R000533/MPP/SW

on-lawyer-trust-accounts or IOLTA accounts.

4.    BP Fisher maintained IOLTA accounts at PNC Bank (account ending in 8056) and Wells Fargo (account ending in 9579).  BP Fisher maintained operating accounts at PNC Bank (account ending in 8048) and Wells Fargo (account ending in 9277).

5.    **BROWNDORF** was a signatory on BP Fisher's Wells Fargo IOLTA account ending in 9579.  **BROWNDORF** was a signatory on BP Fisher's operating account at Wells Fargo (account ending in 9277).

6.    BP Fisher was owned by Plutos Sama, LLC ("Plutos Sama").  Plutos Sama was a limited liability company organized in Delaware but was principally located in California.  The Matthew Browndorf Living Trust was the managing member of Plutos Sama, and **BROWNDORF** was the Chief Executive Officer of Plutos Sama.

7.    **BROWNDORF** was a partner at the law firm Wilson Keadjian Browndorf, LLP ("WKB").  WKB was principally located in California and maintained an operating account at Wells Fargo (account ending in 9285).  **BROWNDORF** was a signatory on the WKB Wells Fargo account ending in 9285.

### The Scheme and Artifice to Defraud

8.    From in and around May 2016 and continuing until in or around January 2019, in the District of Maryland and elsewhere, the defendant,

### MATTHEW C. BROWNDORF,

together with certain other co-schemers known and unknown to the grand jury, did knowingly devise and intend to devise a scheme and artifice to defraud:

   a) lenders and mortgage loan servicers as to material matters, and to obtain by means of materially false and fraudulent pretenses, representations and promises, money and

2

2019R000533/MPP/SW

property of those lenders and mortgage loan servicers, in an amount in excess of $3.8 million, more or less; and

b)  BP Fisher employees as to material matters, and to obtain by means of materially false and fraudulent pretenses, representations and promises, money and property of those employees, in an amount in excess of $100,000.00, more or less.

### The Manner and Means of the Scheme to Defraud

9.     It was part of the Scheme and Artifice to Defraud that BP Fisher, by and through its attorneys, acted as the substitute trustee for lenders and mortgage loan servicers who had lawfully enacted foreclosure proceedings on properties in Maryland that were in default.

10.     It was further part of the Scheme and Artifice Defraud that the proceeds of the foreclosure would be transferred into BP Fisher's IOLTA accounts.

11.     It was further part of the Scheme and Artifice to Defraud that, once foreclosure proceeds were deposited into BP Fisher's IOLTA accounts, **BROWNDORF** would transfer or direct the transfer of funds out of BP Fisher's IOLTA accounts and into other accounts controlled by **BROWNDORF** in order to pay personal expenses, personal expenses of family members, or expenses incurred by Plutos Sama.

12.     It was further part of the Scheme and Artifice to Defraud that **BROWNDORF** would transfer or direct the transfer of funds out of BP Fisher's operating accounts and into other accounts controlled by **BROWNDORF** in order to pay personal expenses, personal expenses of family members, and expenses incurred by Plutos Sama, which often caused BP Fisher to be unable pay its ordinary business expenses, including employee payroll, employee health insurance benefits, and employee retirement benefits.

3

2019R000533/MPP/SW

## The Charges

13.     On or about the dates set forth below, in the District of Maryland and elsewhere,

the defendant,

### MATTHEW C. BROWNDORF,

for the purpose of executing the Scheme and Artifice to Defraud, together with certain co-schemers

known and unknown to the members of the Grand Jury, did transmit and cause to be transmitted

by means of wire communication in interstate commerce, writings, signs, signals, and sounds,

namely:

| COUNT | DATE OF WIRE | DESCRIPTION OF WIRE |
|---|---|---|
| 1 | May 14, 2018 | A BP Fisher employee electronically transmitted wiring instructions from a computer in Maryland to PNC Bank's servers located in Virginia, causing PNC Bank to transfer $314,150.65 from BP Fisher's PNC Bank account ending 8056 to BP Fisher's Wells Fargo account ending 9579.  The transferred funds were the proceeds from the foreclosure sales of 1437 Bridgetown Road, Henderson, Maryland and 3617 Cooper Lane, Hyattsville, Maryland. |
| 2 | August 27, 2018 | A BP Fisher employee electronically transmitted wiring instructions from a computer in Maryland to PNC Bank's servers located in Virginia, causing PNC Bank to transfer $239,911.23 from BP Fisher's PNC Bank account ending 8056 to BP Fisher's Wells Fargo account ending 9579.  The transferred funds were the proceeds from the foreclosure sale of 35 Rye Court, Gaithersburg, Maryland. |
| 3 | December 21, 2018 | A BP Fisher employee electronically transmitted wiring instructions from a computer in Maryland to PNC Bank's servers located in Virginia, causing PNC Bank to transfer $200,000.00 from BP Fisher's PNC Bank account ending 8056 to BP Fisher's Wells Fargo account ending 9579.  The transferred funds were the proceeds from the foreclosure sale of 4715 Cashill Court, Upper Marlboro, Maryland, |

4

2019R000533/MPP/SW

| 4 | January 7, 2019 | A BP Fisher employee electronically transmitted wiring instructions from a computer in Maryland to PNC Bank's servers located in Virginia, causing PNC Bank to transfer $314,150.65 from BP Fisher's PNC Bank account ending 8056 to BP Fisher's Wells Fargo account ending 9579.  The transferred funds were the proceeds from the foreclosure sale of 1914 Stanley Avenue, Rockville, Maryland. |

18 U.S.C. § 1343
18 U.S.C. § 2

2019R000533/MPP/SW

## COUNTS FIVE THROUGH EIGHT
### (Money Laundering)

1.      The allegations in paragraphs 1 through 12 of Counts One through Four are incorporated herein by reference.

2.      On or about the dates set forth below, in the District of Maryland and elsewhere, the defendant,

### MATTHEW C. BROWNDORF

did knowingly engage and attempt to engage in the following monetary transactions in criminally derived property having a value greater than $10,000 and which was derived from specified unlawful activity, that is a wire fraud in violation of 18 U.S.C. § 1343, in that **BROWNDORF** did withdraw and transfer the sums set forth below through interstate wires for the purposes set forth below, which affected interstate commerce:

| COUNT | DATE | AMOUNT | PURPOSE |
|-------|------|--------|---------|
| 5 | May 14, 2018 | $15,168.00 | Payment to Plutos Sama credit card account ending in 3360 |
| 6 | August 28, 2018 | $33,757.10 | Payment to Talimar Systems, Inc. for office furniture |
| 7 | December 24, 2018 | $15,000.00 | Transfer to **BROWNDORF's** personal Wells Fargo account ending in 8754 |
| 8 | January 8, 2019 | $22,765.92 | Payment on **BROWNDORF's** Axos Bank mortgage account ending in 2586 |

18 U.S.C. § 1957

2019R000533/MPP/SW

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c) as a result of a defendant's conviction under any of the offenses alleged in Counts One through Eight of this Indictment.

### Wire Fraud Forfeiture

2.      Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any of the offenses set forth in Counts One through Four of this Indictment, the defendant,

### MATTHEW C. BROWNDORF,

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

### Money Laundering Forfeiture

3.      Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any of the offenses set forth in Counts Five through Eight of this Indictment, the defendant,

### MATTHEW C. BROWNDORF,

shall forfeit to the United States any property, real or personal, involved in the offense, or any property traceable to such property.

### Substitute Assets

4.      If any of the property described above, as a result of any act or omission of the defendants:

        a.      cannot be located upon the exercise of due diligence;

7

2019R000533/MPP/SW

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C.

§ 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. §§ 981(a)(1)(C), 982(a)(1)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_Erek L. Barron_ /mp
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

8/16/2022

Date